O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCO IEZZA et al., | ) | Case No. 10-03634 DDP (JCGx) |
| | ) | |
| Plaintiffs, | ) | **Order Granting in Part and** |
| | ) | **Denying in Part Defendant's** |
| v. | ) | **Motion to Dismiss** |
| | ) | |
| SAXON MORTGAGE SERVICES, | ) | [Motion filed on June 26, 2010] |
| INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

     This matter comes before the Court on defendant Saxon Mortgage Services, Inc.'s motion to dismiss for failure to state a claim, or in the alternative, motion for more definite statement, and motion to strike.  After reviewing the papers submitted by the parties, the Court grants in part and denies in part the motion to dismiss, denies the motion to strike, and adopts the following order.

**I.    BACKGROUND**

     On or about August 2005, Plaintiff Marco Iezza ("Marco") purchased the subject property located at 1614 Country Club Drive, Glendale, California.  (First Am. Compl. ("FAC") ¶¶ 1, 4.)  Marco financed his purchase by obtaining a mortgage loan in the amount of

1    $784,000 from Paul Financial, LLC, and the loan was secured by a

2    deed of trust on the property. (FAC ¶ 4.)

3        On November 1, 2005, the servicing rights to the loan were

4    transferred to General Motors Acceptance Corporation ("GMAC").

5    (FAC ¶ 19.) On May 1, 2006, GMAC transferred the servicing rights

6    to Novastar Mortgage, Inc. ("Novastar"). (FAC ¶ 21.) Then on

7    October 26, 2007, plaintiffs received notice from defendant Saxon

8    Mortgage Services, Inc. ("Saxon") that the servicing rights to the

9    loan would be transferred from Novastar to Saxon, effective

10    November 1, 2007. (FAC ¶ 24.)

11        By 2008, plaintiffs were having problems making their monthly

12    mortgage payments. (FAC ¶ 33.) On April 30, 2008, plaintiffs

13    attempted to negotiate a loan modification, and were finally able

14    to obtain one on August 4, 2008. (FAC ¶¶ 43,61.) Plaintiffs

15    allege that Saxon failed to honor the Loan Modification Agreement

16    by "demanding" monthly payments in excess of the terms of the

17    agreements and miscalculating the interest rate as set forth in the

18    agreement, the amount of the outstanding balance, and the amount of

19    the fully amortized payments based on a 30-year amortization rather

20    than a 40-year amortization. (FAC ¶ 108.)

21        Plaintiffs filed this action against Saxon alleging claims

22    for: (1) breach of contract; (2) unjust enrichment; (3) conversion;

23    (4) intentional infliction of emotional distress; (5) intentional

24    misrepresentation; (6) negligent misrepresentation; (6) violation

25    of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e);

26    (7) negligence per se; and (9)violation of the Fair Credit

27    Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a).

28

**II.   Motion to Dismiss**

    **A.   Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the Plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (internal quotation marks omitted).

    **B.   Analysis**

        1.   Melina Iezza's Standing

Saxon moves to dismiss the FAC as to Melina Iezza on the ground that she lacks standing to assert any claim because she lacks title to the subject property and was not a borrower in connection with the loan at issue.  (Mot. 2:7-9.)

3

1    In response to Saxon's motion, plaintiffs assert that Melina
2    Iezza may maintain an action pursuant to her community property
3    interest in the loan agreement because she made mortgage payments
4    from community funds.  (Opp'n 3:11-22.)

5        In Austero v. Nat'l Cas. Co., the California Court of Appeals
6    rejected this contention.  62 Cal. App. 3d 511, 517 (1976).  In
7    Austero, the wife of a named insured had no standing to sue her
8    husband's disability insurer even though insurance premiums were
9    paid with community funds. Id.  The court stated: "Whatever
10   plaintiff's property rights with respect to the policies and their
11   proceeds may be, the fact remains that she is not a party to the
12   contracts. . . and as such, can state no cause of action . . .
13   arising from the contractual relationship." Id.

14       Here, Melina Iezza's community property interest does not give
15   her standing because she was not a contracting party to the loan
16   agreement.  Marco Iezza is the only named borrower under the loan
17   agreement.  (FAC ¶ 2; Ex.1.)  Thus, the Court dismisses Melina
18   Iezza's claims for breach of contract; conversion; intentional
19   infliction of emotional distress; intentional misrepresentation;
20   negligent misrepresentation; violation of RESPA; negligence per se;
21   and violation of the FCRA.

22           2.   Melina Iezza's Unjust Enrichment Claim

23       Melina Iezza alleges that Saxon was unjustly enriched because
24   Saxon "wrongfully demanded" and retained monies, to which it was
25   not due.  (FAC ¶ 116.)

26       Under California law, a claim for unjust enrichment cannot
27   stand alone as an independent claim for relief.  See Jogani v.
28   Super. Ct., 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment

4

1   is not a cause of action.  Rather, it is a general principle

2   underlying various doctrines and remedies, including quasi-

3   contract.") (citation omitted); Melchior v. New Line Prods., Inc.,

4   106 Cal. App. 4th 779, 793 (2003).  "The phrase 'Unjust Enrichment'

5   does not describe a theory of recovery, but an effect: the result

6   of a failure to make restitution under circumstances where it is

7   equitable to do so."  Lauriedale Assoc., Ltd. v. Wilson, 7 Cal.

8   App. 4th 1439, 1448 (1992).

9        Here, Melina Iezza's unjust enrichment claim is premised on

10  the same alleged course of conduct that underlies her other claims.

11  Because Melina Iezza lacks standing to allege a claim for relief,

12  her claim for unjust enrichment must also be dismissed with

13  prejudice.

14            3.   Marco Iezza's FCRA Claim

15       Although Saxon requests that the Court grant dismissal of the

16  FAC in its entirety, Saxon only moves to dismiss Marco Iezza's FCRA

17  claim.  (Mot. 12:15-27,13:1-19.)

18       Under 15 U.S.C. § 1681s-2(a)(1)(A), "[a] person shall not

19  furnish any information relating to a consumer to any consumer

20  reporting agency if the person knows or has reasonable cause to

21  believe that the information is inaccurate."  15 U.S.C. § 1681s-

22  2(a)(1)(A).

23       Under 15 U.S.C. § 1681s-2(a)(d), "[s]ubsection (a) of . . .[§

24  1681s2] shall be enforced exclusively under section 1681s . . . by

25  the Federal agencies and officials and the State officials

26  identified in that section."  15 U.S.C. § 1681s-2(d).  Here,

27  plaintiffs are not federal or state officials.  Thus, plaintiffs'

28

1    claim pursuant to 15 U.S.C. § 1681s-2(a) fails as a matter of law.

2    Accordingly, plaintiffs' FRCA claim is dismissed with prejudice.

3         **B.   Motion to Strike**

4         Saxon moves to strike portions of the FAC to which the

5    plaintiffs seek recovery for damages on the ground that such

6    damages are precluded as a matter of law.  (Mot. 14:3-14, 15:1-24.)

7         Recently, the Ninth Circuit has held that Federal Rule of

8    Civil Procedure 12(f) does not authorize a district court to strike

9    a claim for damages on the ground that such damages are precluded

10   as a matter of law.  Whittlestone, Inc. v. Handi-Craft Co., ---

11   F.3d ---, 2010 WL 3222417, at *1 (9th Cir. Aug. 17, 2010).

12        Accordingly, the Court denies Saxon's motion to strike.

13   **IV.   CONCLUSION**

14        For the foregoing reasons, the Court GRANTS in part and DENIES

15   in part Defendant's motion to dismiss.

16   •    The Court grants dismissal of plaintiff Melina Iezza's

17        claims with prejudice.

18   •    The Court grants dismissal of plaintiff Marco Iezza's

19        FRCA claim with prejudice.

20   •    The Court denies Saxon's motion to dismiss all other

21        remaining claims in the FAC with leave to amend as to

22        Marco Iezza.

23   •    The Court denies Saxon's motion to strike.

24

25   IT IS SO ORDERED.

26

27   Dated: September 28, 2010

28                                         DEAN D. PREGERSON
                                           United States District Judge

6